UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AHMED-AL-KHALIFA,<br><br>           Plaintiff,<br>v.<br><br>MARY TRAYERS, BRIAN TRAYERS,<br>SARAH BARWICH, and W.M. BLAAUW.<br><br>           Defendants. | 3:13-CV-00869 (CSH) |

**ORDER**

**I.   INTRODUCTION**

Plaintiff Oluwashina Kazeem Ahmed-Al-Khalifa brings this action *pro se* against Defendants Mary Trayers, Brian Trayers, Sarah Barwich, and W.M. Blaauw, all of whom Plaintiff describes as attorneys at law (hereafter, "Defendants"). [Doc. 1].  Plaintiff alleges that Defendants, presumably all foreign nationals, rendered "[i]neffective assistance of counsel ... in a deportation proceeding," which, Plainitff avers, led to his "unlawful transfer, persecution and torture between four European Union States[,] namely [the] United Kingdom, Ireland, [the] Netherlands, [and] Spain," as well as to Plaintiff's "eventual deportation to Nigeria."  *Id.* at 1-2.  Plaintiff seeks minimum monetary compensation from Defendants Mary and Brian Trayers "in the amount of Nine Hundred Million Euros (900,000,000)," minumum monetary compensation from Defendant Sarah Barwich "in the amount of Five Hundred Million Pound Sterling (500,000,000)," and minimum monetary compensation from Defendant W.M. Blaauw "in the amount of Seven Hundred Million Euros (700,000,000)." *Id.* at 9.

1

Plaintiff asserts that this Court's jurisdiction is proper under the Alien Tort Statute, 28 U.S.C. § 1350. *Id.* at 1. On the same day on which Plaintiff filed this Complaint, Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis. [Doc. 2]. Four days later, Plaintiff filed a Motion to Appoint Counsel. [Doc. 4].

After careful consideration of Plaintiff's Complaint as well as a thorough review of relevant law, this Court has determined that Plaintiff's claims cannot be brought under the Alien Tort Statute and, therefore, that Plaintiff has failed to state a claim upon which relief may be granted. In consequence, the Court DISMISSES this matter in its entirety, under 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall dismiss a case in which there has been a motion for proceeding *in forma pauperis* (hereafter "IFP") "if the court determines that ... the action ... fails to state a claim on which relief may be granted." Indeed, as courts in this district have previously held, "[a]n IFP action *must* ... be dismissed sua sponte if it fails to state a claim on which relief may be granted." *Aguilar v. U.S.*, 3:99-MC-00304, 1999 WL 1067841 at *2 (D. Conn. Nov. 8, 1999) (emphasis added); *see also, e.g., Estate of Musayelova v. Kataja*, 3:06-CV-00881, 2006 WL 3246779 at *2 (D. Conn. Nov. 7, 2006). Such a dismissal, which is granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is warranted in those circumstances in which "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Aguilar v. U.S.*, 1999 WL 1067841 at *2 (internal quotation marks and citation omitted).

"Although '[a] document filed *pro se* is to be liberally construed,' ... this mandate does not require courts to allow lawsuits subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B) to proceed." *Burke v. Patchen*, 3:08-CV-00639, 2008 WL 2783490 at *1 (D. Conn. July 15, 2008)

2

(quoting *Erikson v. Pardus*, 551 U.S. 89, 94 (2007)).  As Plaintiff in the case at bar is indeed *pro se*, the Court examines and reviews the claims contained in Plaintiff's Complaint under an appropriately broad and liberal standard.

### III.     THE ALIEN TORT STATUTE

The Alien Tort Statute bestows upon district courts original jurisdiction over "any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350.  Plaintiff states in his Complaint that this Court's "[j]urisdiction is proper pursuant to" the Alien Tort Statute and that, moreover, "[t]his [s]tatute is notable for allowing U.S. Courts to hear human-rights cases brought by foreign citizens for conduct[] committed outside the United States." [Doc. 1] at 1.

Plaintiff's jurisdictional assertion is barred and precluded by a very recent United States Supreme Court decision, which makes clear that the Alien Tort Statute cannot confer jurisdiction in this Court over conduct committed outside of the United States.  In *Kiobel v. Royal Dutch Petroleum Co.*, __ U.S. __ ,133 S.Ct. 1659 (2013), decided in April and subsequent to Judge Margolis's opinion in the present case, the Supreme Court explicitly held that the Alien Tort Statute cannot be applied "to conduct in the territory of another sovereign." *Id.* at 1666.  The Court reached that conclusion by citing and applying "a canon of statutory interpretation known as the presumption against extraterritorial application." *Id*. at 1664.  *Kiobel* holds that the Alien Tort Statute cannot "provide a cause of action for conduct occurring" outside of the United States. *Id.* at 1668-69.  The Court further specified that "[e]ven where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against extraterritorial application." *Id.* at 1669.

Under the clear language of *Kiobel v. Royal Dutch Petroleum Co.*, Plaintiff's claims cannot be brought under the Alien Tort Statute. These claims, which Plaintiff brings against Defendants for ineffective assistance of counsel – *see* [Doc. 1] at 1-2 – solely concern acts and events which are alleged to have occurred *outside* the United States. The Supreme Court's holding in *Kiobel* makes clear that such claims, which "seek[] relief for violations of the law of nations occurring outside the United States," are "barred." *Kiobel v. Royal Dutch Petroleum Co.*, 133 S.Ct. at 1669. Further, as the Supreme Court cautioned in *Kiobel*: "And even where the claims touch and concern the territory of the United States, they must do so with sufficient force to displace the presumption against extraterritorial application." 133 S.Ct. at 1669 (citing *Morrison v. National Australia Bank Ltd.*, 561 U.S. _, 130 S.Ct. 2869, 2883-88 (2010) ("But the presumption against extraterritorial application would be a craven watchdog indeed if it retreated to its kennel whenever *some* domestic activity is involved in the case," 130 S.Ct. at 2884)).

## IV.     CONCLUSION

This Court concludes that, even under the broad reading of Plaintiff's Complaint that this Court must render given that Plaintiff is *pro se*, Plaintiff does not state any claim in this action on which relief can be granted. Accordingly the Court DISMISSES Plaintiff's claims in their entirety.

Plaintiff has brought four similar lawsuits under the Alien Tort Statute in this district. All four actions are being dismissed by this Court for reasons similar to those discussed *supra*.[1] Plaintiff has also filed at least half a dozen additional lawsuits under the Alien Tort Statute in other United

---

[1] *See Ahmed-Al-Khalifa v. Kingdom of Spain*, No. 3:13-CV-00271 (D. Conn. 2013); *Ahmed-Al-Khalifa v. Minister for Justice, Equality and Law Reform*, No. 3:13-CV-00272 (D. Conn. 2013); *Ahmed-Al-Khalifa v. Jordan*, No. 3:13-CV-00276 (D. Conn. 2013); *Ahmed-Al-Khalifa v. Oragnisation of Petroleum Exporting Countries*, No. 3:13-CV-00277 (D. Conn. 2013).

States District Courts.[2]  In a ruling recommending dismissal of one such action, filed in the Northern District of Florida, Magistrate Judge Charles J. Kahn, Jr. noted Plaintiff's voluminous recent filings and commented that Plaintiff "seems to be seeking a forum that will allow these ... complaints to go forward," and that, furthermore, "[s]uccess in that regard appears unlikely."  *Oluwashina Kazeem Ahmed-Al-Khalifa v. Queen Elizabeth II*, No. 5:13-CV-00103, 2013 WL 2242459 at *2 (N.D. Fla. May 21, 2013).  Given the limited application of the Alien Tort Statute as it has been recently articulated by the United States Supreme Court, this Court must agree with Magistrate Judge Kahn that it is indeed unlikely that Plaintiff will have much success in going forward with lawsuits brought under this statute which concern events and acts which have at least largely taken place outside of the United States.

   The Complaint is DISMISSED, with prejudice and without costs.

   The Clerk is directed to close the file.

   The foregoing is SO ORDERED.


Dated: New Haven, Connecticut
       July 1, 2013


                                             */s/Charles S. Haight, Jr.*
                                             Charles S. Haight, Jr.
                                             Senior United States District Judge

---

   [2]  *See, e.g., Oluwashina Kazeem Ahmed-Al-Khalifa v. King Sunnyade*, No. 1:12-CV-10288 (N.D. Ill. 2012); *Ahmed-Al-Khalifa v. Ecowas Court of Justice*, No. 1:13-CV-01380 (N.D. Ill. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Abba Moro*, No. 1:13-CV-01381 (N.D. Ill. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. European Court of Human Rights*, No. 1:13-CV-00142 (N.D. Ga. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. Queen Elizabeth II*, No. 5:13-CV-00103 (N.D. Fla. 2013); *Oluwashina Kazeem Ahmed-Al-Khalifa v. The Salvation Army*, No. 3:13-CV-00289 (N.D.Fla. 2013).